1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   TYLER EDWARDS,                        No.  2:14-cv-02646-MCE-KJN

12              Plaintiff,

13        v.                               **MEMORANDUM AND ORDER**

14   COUNTY OF MODOC, et al.,

15              Defendants.

16

17        In his Complaint (ECF No. 1), Plaintiff Tyler Edwards ("Plaintiff") alleges several

18   causes of action against Defendants County of Modoc, Modoc County Sherriff's

19   Department, Mike Poindexter, and Billy Holshouser (collectively, "Defendants").  Each of

20   Plaintiff's claims stems from Defendant Holshouser's alleged use of excessive force

21   against Plaintiff on October 15, 2013.

22        Defendants have filed an Answer to Plaintiff's Complaint (ECF No. 11).  Pending

23   before the Court is Plaintiff's Motion to Strike (ECF No. 12), which requests that the

24   Court strike all nineteen of the affirmative defenses that Defendants assert in their

25   Answer.  For the reasons that follow, Plaintiff's Motion is GRANTED in part and DENIED

26   in part.

27   ///

28   ///

1

**STANDARD**

2

3       An affirmative defense is an "assertion of facts and arguments that, if true, will

4   defeat the plaintiff's [ ] claim, even if all the allegations in the complaint are true."  Black's

5   Law Dictionary (10th ed. 2014).  A court may strike an insufficiently pled affirmative

6   defense under Federal Rule of Civil Procedure 12(f).[1]

7       District courts in this circuit were previously split on whether the heightened

8   pleading standard that the United States Supreme Court announced in Twombly and

9   Iqbal[2] applied to affirmative defenses.  Some courts, including this Court, concluded that

10  affirmative defenses were subject to the heightened pleading standard.  See, e.g., Wine

11  Group LLC, v. L. and R. Wine Co., No. 2:10-cv-022040-MCE-KJN, 2011 WL 130236, at

12  *2 (E.D. Cal. Jan. 4, 2011); Dodson v. Strategic Rests. Acquisition Co. II, LLC,

13  289 F.R.D. 595 (E.D. Cal. 2013).  Other courts, however, declined to apply the

14  heightened pleading standard to affirmative defenses, citing Wyshak v. City National

15  Bank, 607 F.2d 824, 826 (9th Cir. 1979), for the proposition that the pleadings need only

16  provide the plaintiff "fair notice" of the defense.  See, e.g., Kohler v. Staples the Office

17  Superstore, LLC, 291 F.R.D. 464, 468 (S.D. Cal. 2013).

18      The Ninth Circuit, however, has resolved the split in the district courts.  In Kohler

19  v. Flava Enterprises, Inc., the Ninth Circuit explained that "the 'fair notice' required by the

20  pleading standards only require[s] describing [an affirmative] defense in 'general terms.'"

21  779 F.3d 1016, 1019 (9th Cir. 2015) (quoting 5 Charles Alan Wright & Arthur Miller,

22  Federal Practice and Procedure, § 1274 (3d ed. 1998)).[3]  Accordingly, this Court now

23  ///

24

---

25      [1]  All subsequent references to "Rule" are to the Federal Rules of Civil Procedure.

26      [2]  See Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

27      [3]  The specific sentence that the Ninth Circuit quoted in Kohler provides:  "As numerous federal courts have held, an affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives the plaintiff fair notice of the nature of the defense."  Wright & Miller, § 1274 (footnotes omitted).

28

1  applies the "fair notice" standard, and not the heightened pleading standard announced

2  in Twombly and Iqbal, when evaluating motions to strike affirmative defenses.

3      "[A] district court should grant leave to amend even if no request to amend the

4  pleading was made, unless it determines that the pleading could not possibly be cured

5  by the allegation of other facts."  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000)

6  (internal quotation marks omitted); see also Fed. R. Civ. P. 15(a).

7

8                                  **ANALYSIS**

9

10      Plaintiff's Motion requests that the Court strike all nineteen of the affirmative

11  defenses that Defendants assert in their Answer.  The Court will examine each

12  affirmative defense in turn.

13      In the first and second affirmative defenses, Defendants assert that Plaintiff's

14  Complaint fails to allege facts sufficient to state a claim.  These assertions, however, are

15  not affirmative defenses.  See Black's Law Dictionary, supra; see also Zivkovic  v.

16  S. Cal. Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates

17  that plaintiff has not met its burden of proof is not an affirmative defense.").  Accordingly,

18  Plaintiff's Motion is GRANTED with respect to the first and second affirmative defenses,

19  and those defenses are STRICKEN from Defendants' Answer.

20      In the third affirmative defense, Defendants assert that they are entitled to

21  qualified immunity.  "[Q]ualified immunity is an affirmative defense," Crawford-El v.

22  Britton, 523 U.S. 574, 587 (1998), and Defendants' Answer gives Plaintiff fair notice of

23  that defense.  Accordingly, Plaintiff's Motion is DENIED with respect to the third

24  affirmative defense.

25      In the fourth affirmative defense, Defendants assert that several of Plaintiff's

26  causes of action fail because his filing of the Complaint "was not preceded by a timely

27  and proper claim made pursuant to" the claims statute, California Government Code

28  sections 910 et seq.  "Since compliance with the claims statute is an element of plaintiff's

1    cause of action, failure to comply is not an affirmative defense." Wood v. Riverside Gen.

2    Hosp., 25 Cal. App. 4th 1113, 1119 (1994).  Accordingly, Plaintiff's Motion is GRANTED

3    with respect to the fourth affirmative defense, and that defense is STRICKEN from

4    Defendants' Answer.

5         Defendants' fifth and sixth affirmative defenses are simply additional assertions of

6    qualified immunity.  Again, qualified immunity is an affirmative defense, and Defendants'

7    Answer gives Plaintiff fair notice of the defense.  See also Fed. R. Civ. P. 8(d)(2) ("A

8    party may set out 2 or more statements of a claim or defense alternatively or

9    hypothetically, either in a single count or defense or in separate ones.").  Accordingly,

10   Plaintiff's Motion is DENIED as to the fifth and sixth affirmative defenses.

11        Defendants' seventh affirmative defense is that Plaintiff's alleged damages were

12   proximately caused or contributed by other parties.  Third-party liability is an affirmative

13   defense, and Defendants' Answer gives Plaintiff fair notice of the defense.  See

14   Geurin v. Winston Indus., Inc., 316 F.3d 879, 885 (9th Cir. 2002) (suggesting that the

15   district court erred in dismissing the "affirmative defense of third-party liability").

16   Accordingly, Plaintiff's Motion is DENIED as to the seventh affirmative defense.

17        In the eighth affirmative defense, Defendants assert that the United States

18   Constitution, the California Constitution, and the California Government Code bar

19   punitive damages.  Defendants' argument is not an affirmative defense, as it will not

20   defeat Plaintiff's claim.  See Black's Law Dictionary, supra.  Accordingly, Plaintiff's

21   Motion is GRANTED as to the eighth affirmative defense, and that defense is

22   STRICKEN from Defendants' Answer.

23        In the ninth affirmative defense, Defendants assert that Plaintiff has failed to

24   allege facts sufficient to state a claim against a governmental entity.  This assertion is

25   not an affirmative defense.  Accordingly, Plaintiff's Motion is GRANTED as to the ninth

26   affirmative defense, and that defense is STRICKEN from Defendants' Answer.

27   ///

28   ///

4

1   In the tenth affirmative defense, Defendants assert that Plaintiff failed to prevent

2   and mitigate his damages.  "[T]he duty to mitigate damages is an affirmative defense

3   . . . ."  Wehrs v. Wells, 688 F.3d 886, 893 (7th Cir. 2012).  Because Defendants' Answer

4   gives Plaintiff fair notice of the defense, Plaintiff's Motion is DENIED as to the tenth

5   affirmative defense.

6   In the eleventh affirmative defense, Defendants assert that Plaintiff has failed to

7   allege facts sufficient to state a negligence claim.  Again, such an assertion is not an

8   affirmative defense.  Accordingly, Plaintiff's Motion is GRANTED as to the eleventh

9   affirmative defense, and that defense is STRICKEN from Defendants' Answer.

10   In the twelfth affirmative defense, Defendants assert that they will seek attorneys'

11   fees and costs if they prevail in this action.  This is not an affirmative defense, as it will

12   not defeat Plaintiff's claims.  Accordingly, Plaintiff's Motion is GRANTED as to the twelfth

13   affirmative defense, and that defense is STRICKEN from Defendants' Answer.

14   In the thirteenth and fourteenth affirmative defenses, Defendants "claim and plead

15   all rights, defenses, privileges and immunities" granted to them under the United States

16   Code and California statutes.  Answer at 14 (emphasis added).  Similarly, in the fifteenth

17   affirmative defense, Defendants "claim and assert all defenses available to them

18   pursuant to" Rule 12(b)(6).  Id. (emphasis added).  These affirmative defenses, however,

19   do not give Plaintiff fair notice of any specific defense.  Accordingly, Plaintiff's Motion is

20   GRANTED as to the thirteenth, fourteenth, and fifteenth affirmative defenses, and those

21   defenses are STRICKEN from Defendants' Answer.

22   In the sixteenth affirmative defense, Defendants allege that Plaintiff's contributory

23   negligence caused and contributed to his damages.  "Contributory negligence" is

24   included in the non-exhaustive list of affirmative defenses in Rule 8(c)(1), and

25   Defendants' Answer sufficiently puts Plaintiff on fair notice of the defense.  Accordingly,

26   Plaintiff's Motion is DENIED as to the sixteenth affirmative defense.

27   ///

28   ///

In the seventeenth affirmative defense, Defendants appear to again assert qualified immunity.  See Answer at 14 ("the actions and conduct of [D]efendants were made in good faith without malice . . . .").  Again, qualified immunity is an affirmative defense, and Defendants have provided Plaintiff with fair notice of the defense.  Accordingly, Plaintiff's Motion is DENIED as to the seventeenth affirmative defense.

In the eighteenth affirmative defense, Defendants argue that any cause of action against Defendant Poindexter or any other governmental official acting in his or her official capacity, is barred under Kentucky v. Graham, 473 U.S. 159 (1985).  In Graham, the United States Supreme Court held that an official capacity suit could not have been maintained against a defendant state police commissioner because of Eleventh Amendment immunity.  473 U.S. at 169.  To the extent that Defendants are asserting immunity under the Eleventh Amendment, the Answer sufficiently puts Defendants on notice of that defense.  Accordingly, Plaintiff's Motion is DENIED as to the eighteenth affirmative defense.

In the nineteenth affirmative defense, Defendants "reserve the right to amend this answer and allege further defenses . . . ."  Answer at 15.  Defendants need not "reserve" that right, see Federal Rule of Civil Procedure 15(a)(2), and their attempt to reserve it is not a valid affirmative defense.  Accordingly, Plaintiff's Motion is GRANTED as to the nineteenth affirmative defense, and that defense is STRICKEN from Defendants' Answer.

**CONCLUSION**

Plaintiff's Motion to Strike Defendants' Affirmative Defenses (ECF No. 12) is GRANTED in part and DENIED in part.  Plaintiff's Motion is GRANTED as to the first, second, fourth, eighth, ninth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, and nineteenth affirmative defenses.  Accordingly, those affirmative defenses are STRICKEN from Defendants' Answer without prejudice.  Plaintiff's Motion is DENIED as to the third,

fifth, sixth, seventh, tenth, sixteenth, seventeenth, and eighteenth affirmative defenses in

Defendants' Answer (ECF No. 11).

IT IS SO ORDERED.

Dated:  July 17, 2015

MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT